Matter of Nichols v New York City Bd. of Elections

2026 NY Slip Op 03108

May 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Paul Nichols, appellant,

v

New York City Board of Elections, respondent; Mylenia Reyes, nonparty-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 14, 2026

2026-04311, (Index No. 710822/26)

Francesca E. Connolly, J.P.

Linda Christopher

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Paul Nichols as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 32nd Assembly District, Paul Nichols appeals from a final order of the Supreme Court, Queens County (Claudia Lanzetta, J.), entered April 28, 2026. The final order denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.

ORDERED that the final order is affirmed, without costs or disbursements.

On April 2, 2026, the petitioner, Paul Nichols, filed a petition with the Board of Elections in the City of New York (hereinafter the Board) designating himself as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 32nd Assembly District. By letter dated April 3, 2026, the Board provided a written notice to Nichols that the cover sheet of the designating petition failed to comply with certain provisions of the Election Law and the Board's guidelines and regulations. On April 10, 2026, following a public hearing, the Board determined that an amended cover sheet submitted by Nichols also failed to comply with certain provisions of the Election Law and the Board's regulations. Consequently, the Board determined that Nichols would not appear on the ballot for the primary election to be held on June 23, 2026.

On April 14, 2026, Nichols commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate the designating petition. Nichols submitted to the Supreme Court, among other papers, a proposed order to show cause, which provided that the order to show cause, together with a copy of the papers upon which it was granted, be served upon the Board by "leaving [a copy of those papers] at its office." A space for the Board's office address was included but left blank. The proposed order to show cause further provided that service upon the "Respondent-Objector(s)" be made by ordinary first-class mail or by overnight, next-day delivery by UPS, FedEx, or the United States Postal Service at "said address(es) as set forth on the Objections." Upon signing the order to show cause, the court inserted a date by which service must be completed but did not otherwise make any changes to the service provisions. An affidavit of service submitted by Nichols indicated that the Board was served on April 15, 2026, via next-day mail at its office located at 32 Broadway, New York, NY 10004.

The Board opposed Nichols's petition, inter alia, to validate the designating petition, arguing, among other things, that the proceeding should be dismissed for lack of personal jurisdiction due to Nichols's failure to complete service upon the Board in the manner specified in the order to show cause. In a final order entered April 28, 2026, the Supreme Court denied the petition, inter [*2]alia, to validate the designating petition and dismissed the proceeding for lack of personal jurisdiction. Nichols appeals.

"'A special proceeding commenced pursuant to Election Law article 16 must be heard upon such notice to such officers, persons or committees as the court or justice shall direct'" (Matter of Louis v Diaz, 238 AD3d 813, 814, quoting Matter of Stark v Williams, 216 AD3d 859, 861). "In such a proceeding, '[t]he method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with'" (Matter of Stark v Williams, 216 AD3d at 861, quoting Matter of Hennessey v DiCarlo, 21 AD3d 505, 505; see Matter of Felder v Tischler, 208 AD3d 1288, 1289).

Here, the order to show cause, consistent with the proposed language submitted to the Supreme Court by Nichols, required that service of the order to show cause and supporting documentation on the Board be made by "leaving them at its office . . . on or before the 17th of April, 2026." However, the affidavit of service submitted by Nichols indicated that service was made on the Board "via Next day mail." Accordingly, the court properly denied the petition, inter alia, to validate the designating petition and dismissed the proceeding for lack of personal jurisdiction (see Election Law § 16-116; Matter of Stark v Williams, 216 AD3d at 861; Matter of Jean-Louis v Laurent, 172 AD3d 1454, 1456).

The parties' remaining contentions either are not properly before us or need not be reached in light of our determination.

CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court